Decided May 19, 1988

DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA,      )     CRIMINAL CASE NO. 88-00003
                               )
          Plaintiff,           )          FILED
                               )          DECISION
     v.                        )
                               )
JESUS PANGELINAN MAFNAS,       )
                               )
          Defendant.           )
_____ )

The motion to dismiss represents defendant's belief that the CNMI operates independently of the United States except in the areas of defense and foreign affairs. The Court cannot accept this extremely narrow reading of the Covenant. Such a reading finds no support in the Covenant itself, the supporting documents, or the history of the negotiations between the United States and the People of the Northern Mariana Islands.

To this Court, the most salient feature of the relationship between the United States and the People of the Northern Mariana Islands is that the people chose overwhelmingly and voluntarily to take United States citizenship and become a part of the United States' family. At the same time the people of the Northern Mariana Islands, nonetheless, wished to retain their cultural identity and these rights were preserved through the Covenant, although they would or could be considered unconstitutional in the United States. The Court refers, of course, to provisions like the unique jury trial system here, the restrictions on alienation of land, and the composition of the

404

Legislature. As well, the people of the Northern Marianas wanted to control, insofar as was practical, their economic growth. To this end the Northern Mariana Islands established a tax structure designed to encourage growth and investment and kept control over immigration.

And, like the States of the United States, the Northern Mariana Islands was guaranteed the right of self-government. However, the question of "sovereignty," which has recently been forwarded by litigants in one form or another is being read in a new and unsupportable fashion.

The Preamble to the Covenant states that the United States and the Northern Mariana Islands entered into the Covenant "in order to establish a self-governing commonwealth...within the American political system." Further, Article I, §101, of the Covenant establishes the Commonwealth "in political union with and under the sovereignty of the United States." There is little room here for argument or interpretation. The Section-by-Section Analysis of the Covenant which was prepared by the Marianas Political Status Commission has this to say:

> The United States will have sovereignty, that is, ultimate political authority, with respect to the Northern Mariana Islands. The United States has sovereignty with respect to every state, every territory and the Commonwealth of Puerto Rico. United States sovereignty is an essential element of a close and enduring political relationship with the United States, whether in the form of statehood, in the traditional territorial form, or as a commonwealth. The kind of relationship with the United States which the people of the Northern Marianas have said

they desire, and which is reflected in the legislation creating the MPSC, necessarily involves United States sovereignty. United States sovereignty is not inconsistent with the exercise of the right of local self-government by the people of the Northern Marianas. Section 103 of the Covenant specifically recognizes that right. Moreover, the states and the Commonwealth of Puerto Rico, and to a great extent even the territories, have very substantial powers of local self-government. The people within these areas determine local policies without undue interference, notwithstanding the ultimate political authority of the central government. The same will be true of the Commonwealth of the Northern Marianas.

Those who now mechanically intone the mantra of "sovereignty" have either never read the Covenant and the Section-by-Section Analysis of the Covenant or have deluded themselves into believing that the United States and the CNMI approach each other as completely sovereign states.

Reference to the Second Interim Report and Final Report of the Northern Mariana Islands Commission on Federal Laws is not particularly helpful. The Commission which was created pursuant to Section 504 of the Covenant, was instructed "to survey the laws of the United States and make recommendations to the United States Congress as to which laws of the U.S. not (sic) applicable to the NMI should be made applicable and what extent and in what manner, and which applicable laws should be made inapplicable and to what extent and in what manner."

Its recommendations in the Second and Final Reports differ and to the extent that they are purely recommendations, they do not necessarily provide an authoritative basis for

**406**

determining what laws of the United States are applicable or not applicable in the Commonwealth of the Northern Mariana Islands.

On the other hand, the Section-by-Section Analysis prepared by the Marianas Political Status Commission, whose members negotiated the Covenant, provides a contemporaneous explanation of the intent of each section which thus assists the Court in construing the intent of a challenged provision.

Until and unless the Covenant is amended, this Court will continue to give the Covenant a fair and realistic reading, and one, hopefully, in tune with the intent of the people of the Northern Mariana Islands and the framers of the Covenant.

Article V of the Covenant delineates with specificity those provisions of the United States Constitution and laws which will be applicable within the Northern Mariana Islands.

Section 502 clearly states, that unless otherwise provided in the Covenant, those laws which are applicable to Guam and which are of general application to the several states will apply to the Northern Mariana Islands. Section 502 went into effect on January 9, 1978.

Defendant does not deny that 18 USC 1951, the criminal statute under which he has been indicted, is applicable to Guam. Nor does he deny that it is of general application to the several states.

Defendant claims, however, that 18 USC 1951 is not applicable to the Northern Mariana Islands because it falls within the "except as otherwise provided" language of Section 502

**407**

and because it allegedly contravenes Covenant Section 103 which assures the people of the Northern Mariana Islands their right to local self-government.

Section 103 states that "The people of the Northern Mariana Islands will have the right of local self government and will govern themselves with respect to internal affairs in accordance with a constitution of their own adoption."

Defendant further argues in his memorandum that "unless the federal law is expressly made applicable to the Commonwealth of the Northern Mariana Islands in the Covenant, no federal law is applicable if that law has the effect of denying the people of the Commonwealth of the Northern Mariana Islands their right to govern themselves on local matters."

Defendant's attempt to interpolate 18 USC 1951 into this conclusion from a reading of Section 502 and Section 103 is unpersuasive. The language of 103 is generically broad and would require a statute by statute review to determine whether there is an infringement upon the internal affairs of the Commonwealth of the Northern Mariana Islands.

On the other hand, compared to Section 103, Section 502(a)(2) is clear and unambiguous in its intent.

When the Covenant was adopted by the people of the Commonwealth, they "excepted" from the Covenant those provisions of the United States Constitution and laws which they chose not to accept. However, they clearly did choose to accept those laws, civil and criminal, which were applicable to Guam and which

were of general application to the several states. 18 USC 1951 meets both criteria and therefore does not fall within the exception clause of Section 502 and does not constitute an interference with internal affairs.

It is interesting to note that the Section-by-Section Analysis of the Covenant, to which both parties make reference, states that "This subsection (that is, §502(a)(2)) also removes all doubt by assuring that certain very old territorial laws passed by the United States would not apply to the Northern Marianas. These also would have been inconsistent with local self government. The result of this subsection will be the application of a wide variety of federal laws to the Northern Mariana Islands selected because of their applicability to Guam and the United States." 18 USC 1951 is one of many of these federal laws.[1]/

The motion to dismiss is accordingly DENIED and it is so ORDERED.

DATED this 19th day of May, 1988.

_____
Judge Alfred Laureta

---

[1]/ Defendant argues that the Commerce Clause is inapplicable to the CNMI. However, see, MTC v. NLRB, 820 F.2d 1097 (9th Cir. 1987).